REQUESTED BY: Ron Ross, Director Department of Health and Human Services
You have requested our opinion concerning whether LB 637, enacted May 26, 1999, allows the Department of Health and Human Services, Title IV-D Division, the authority, to adopt a regulation which would reimburse counties for unrecovered costs associated with the processing and disbursement of child support payments based upon insufficient funds checks received from employers as well as obligors.
Title IV-D of the Social Security Act, "The Authorization of Appropriations," 42 U.S.C. § 651 (Supp. 1999), provides that:
 For the purpose of enforcing support obligations owed by noncustodial parents to their children and the spouse (or former spouse) with whom such children are living, locating such noncustodial parents, establishing paternity, obtaining child support and spousal support, and assuring that assistance in obtaining support will be available under this part to all children (whether or not eligible for assistance under a state program funded under part A of this subchapter) for whom such assistance is requested, there is hereby authorized to be appropriated for each fiscal year a sum sufficient to carry out the purposes of this part.
The purpose behind the Act is to establish paternity, obtain child support orders, and enforce existing support obligations. Drennenv. Drennen, 229 Neb. 204, 426 N.W.2d 252 (1988). In conjunction with Title IV-D, the State Plan for Child and Spousal Support,42 U.S.C. § 654(3) (Supp. 1999), dictates that a state plan for child and spousal support must provide for the establishment or designation of a single and separate organizational unit, which meets such staffing and organizational requirements as the Secretary may by regulation prescribe within the State to administer the plan.
Legislative Bill 637 creates a State Disbursement Unit, pursuant to 42 U.S.C. § 654(3) (Supp. 1999), for the statewide collection and disbursement of support order payments. Section 4 of the Act provides, in part:
 Until the State Disbursement Unit established in § 2 of this act becomes operative, the Title IV-D Division shall reimburse counties for unrecovered costs associated with the processing and disbursement of support order payments based on insufficient check funds received from obligors.
Section 4 does not specifically mention any costs associated with the processing and disbursement of support order payments based upon insufficient fund checks received from employers. The termobligor under § 1(6), which states an obligor is a person who owes a duty of support pursuant to a support order, also does not mention employers with any specificity.
Furthermore, note that a majority of the definitions listed in § 1 of LB 637 are defined by the Income Withholding for Child Support Act, Neb. Rev. Stat. § 43-1701 et seq. (1998). For example, § 1(2) states that child support shall have the same meaning as found in § 43-1705; § 1(7) states that spousal support
has the same meaning as found in § 43-1715; and § 1(10) states thatsupport order has the same meaning as found in § 43-1717. Similarly, the definition of obligor, although defined under § 1(6) of LB 637, is also identical to the definition provided under Income Withholding for Child Support Act (Neb. Rev. Stat. §43-1714 (1999)). In contrast to obligor, the Income Withholding for Child Support Act defines an employer or other payor as "any person, partnership, limited liability company, firm, corporation, association, political subdivision, or department or agency of the state or federal government in possession of income and shall include the obligor if he or she is self-employed." (Neb. Rev. Stat. § 43-1709 (1998)). Thus, statutes related to LB 637 distinguish between an obligor and an employer.
Statutory interpretation presents a question of law. Willersex rel. Powell v. Willers, 255 Neb. 769, 587 N.W.2d 390 (1998). In considering and applying a statute, courts must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language thereof, considered in its ordinary sense. Id. Components of a series or collection of statutes pertaining to a certain subject matter which are in parimateria may be collectively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious and sensible. Id.
Because the language of § 4 of LB 637, considered in its ordinary sense, and in the context of pari materia, does not provide for reimbursement for unrecovered costs associated with the processing of and disbursement of support order payments based upon insufficient fund checks received from employers or other payers, unless the obligor is self-employed, it is our opinion that the county would not be entitled to reimbursement.
Sincerely,
 DON STENBERG Attorney General
 Perry A. Pirsch Assistant Attorney General
Approved:
DON STENBERG 
Attorney General